UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE RONQUILLO,<br><br>              Petitioner,<br><br>      v.<br><br>J. SUGRUE,<br><br>              Respondent. | 1:08-cv-01591-JMD-HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK TO ENTER JUDGEMENT<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner Juan Jose Ronquillo ("Petitioner') is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Procedural History**

On March 2, 2005, Petitioner was sentenced to sixty months imprisonment in connection with his conviction for two narcotics related offenses. (Answer, Ex. 2).

Petitioner filed the instant petition for writ of habeas corpus on October 23, 2008. (Doc. 1). Respondent filed an answer to the petition on May 6, 2009. (Doc. 11).

Both Petitioner and Respondent have consented to Magistrate Jurisdiction pursuant to 28 U.S.C. § 636 (c). (Docs. 3, 4).

**Factual Background**

Petitioner does not challenge his conviction in this action. Rather, Petitioner contends that the sentencing court erred by failing to grant Petitioner a downward departure based on the fact that

Petitioner is subject to a removal order. In essence, Petitioner's complaint is that the sentencing court failed to consider the extraordinary hardship Petitioner will face upon being deported from the United States, and that had the court considered this hardship, he would have received a more lenient sentence. (Pet. at 6-8).

Petitioner also complains that he and other inmates who are subject to immigration detainers are treated differently than citizens under the official policies of the United States Bureau of Prisons ("BOP"). Petitioner points to his ineligibility for certain BOP programs on account of his immigration detainer. (Pet. at 11).

## Discussion

I.  **Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241). Petitioner asserts two claims for relief: 1) the sentencing court erred in failing to grant a downward departure on the basis of Petitioner's status as a deportable alien, and 2) BOP regulations violate his right to equal protection.

The Court lacks jurisdiction over Petitioner's claim of sentencing error. A federal prisoner who wishes to challenge the validity of his sentence must do so by way of a motion to vacate, set aside, or correct the sentence under section 2255. 28 U.S.C. § 2255; *e.g. Hernandez v. Campbell*, 204 F.3d 861, 864-66 (9th Cir. 2000) (noting that prisoner may not bring section 2241 challenge to sentence unless it appears that 2255 remedy is inadequate or ineffective); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987) (same). A section 2255 action must be filed with the sentencing court. *E.g. id.* Unless a prisoner establishes that section 2255 is "inadequate or ineffective to test the legality of his detention," the prisoner may not bring a collateral attack on his sentence pursuant to section 2241. *See, e.g., Hernandez*, 204 F.3d at 865. Here, petitioner does not allege, let alone

establish, that section 2255 is inadequate or ineffective to test the legality of his sentence. Accordingly, the Court lacks jurisdiction over Petitioner's claim requesting modification of his sentence. *See id.*, *accord Perez-Martinez v. United States,* 235 Fed. Appx. 228, 229 (5th Cir. 2007) (rejecting 2241 petition requesting downward departure on account of prisoner's deportable alien status on the basis that claim should have been raised in a 2255 motion before the sentencing court); *Soto-Angulo v. Derosa*, 2007 U.S. Dist. LEXIS 84138*5-6 (E.D. Cal. 2007) (same).

Petitioner's claim that his sentence is being executed in a manner that violates his constitutional rights is cognizable under section 2241. *See, e.g., Taylor v. Sawyer*, 284 F.3d 1143, 1147-48 (9th Cir. 2002) (adjudicating federal prisoner's constitutional challenge to BOP's execution of his sentence pursuant to section 2241); *McLean v. Crabtree*, 173 F.3d 1176, 1179-1180 (9th Cir. 1999) (entertaining section 2241 challenge to BOP regulation which precluded deportable aliens from participation in certain programs).[1] Accordingly, because Petitioner is confined at the California City Correctional Center, which is within the Eastern District of California, the Court has jurisdiction over Petitioner's action and is the appropriate venue.

## II. Petitioner's Equal Protection Claim

Petitioner contends that his right to equal protection is violated by BOP policies which prohibit inmates subject to immigration detainers from participating in various programs. Petitioner's allegations are insufficient to state a claim for habeas relief.[2]

Analysis of Petitioner's equal protection claim involves two steps. First, Petitioner must establish that BOP policy, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group. *E.g. McLean*, 173 F.3d at 1185 (citation omitted). Second, if Petitioner demonstrates that a cognizable class is treated differently, the Court must analyze under the appropriate level of scrutiny

---

[1] Respondent's position that habeas jurisdiction is absent where a prisoner does not seek release from incarceration is contrary to well-settled Ninth Circuit precedent. *See Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008) (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to CCC facility); *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (challenge to timing and amount of fine payments cognizable under section 2241); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining section 2241 challenging to restitution schedule).

[2] The Court need not address Respondent's exhaustion defense, as it is clear that Petitioner's allegations do not entitle him to relief.

1 whether the distinction made between the groups is justified. *Id.* (citation omitted).

2       The group Petitioner contends is subjected to disparate treatment by BOP policies consists of federal prisoner's subject to immigration detainers. "Because 'prisoners with detainers' does not constitute a suspect class, the detainer exclusion is valid so long as it survives the rational basis test, which accords a strong presumption of validity." *Id*. at 1186 (citing *Heller v. Doe*, 509 U.S. 312, 319,(1993); *NAACP, Los Angeles Branch v. Jones*, 131 F.3d 1317, 1324 (9th Cir. 1997). A government policy is valid under the rational basis test so long as it is rationally related to a legitimate government interest. *E.g. id*.

      Initially, the Court notes that Petitioner fails to cite any statutes or regulations in support of his allegations. Nothing in the record supports Petitioner's claims regarding housing limitations or his eligibility for a "Unicor job with good wages." (Pet. at 8).[3] However, Respondent's answer reveals that at least some of Petitioner's complaints are based on existing BOP policies. According to Respondent, BOP policy prohibits deportable aliens and inmates with detainers from earning sentence credit through the BOP' Residential Drug Abuse Treatment Program ("RDATP") and from participating in BOP "aftercare" programs. (Answer at 24). BOP policy also dictates that inmates with detainers may not ordinarily participate in the BOP's residential re-entry program. (Id.).

      The Ninth Circuit rejected a claim identical to Petitioner's RDATP claim in *Mclean*, noting that

> the basis for the detainer exclusion is the BOP's reasonable concern that prisoners with detainers pose a flight risk during the community-based treatment phase. Excluding prisoners with detainers from participating in the community-based treatment phase is a reasonable means for eliminating this risk. We need not inquire whether the BOP's policy is the best means for addressing this risk because "rational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Heller*, 509 U.S. at 319. We do hold, however, that excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs. Therefore, the detainer exclusion survives rational basis review.

---

[3] Respondent does not admit or deny Petitioner's allegations with respect to job and housing restrictions. Instead, Respondent advances the irrelevant argument that Petitioner has not stated a due process violation based on such alleged restrictions. Nevertheless, Petitioner has failed to carry his burden of establishing entitlement to relief with respect to these claims, as there is no evidence on the record to support Petitioner's allegations.

1  173 F.3d at 1186.  In light of *McLean*, Petitioner's equal protection claim must fail.  Petitioner has
2  failed to carry his burden of overcoming the strong presumption of validity applicable to the BOP's
3  regulations concerning prisoners subject to detainers.  *See id*.  The BOP's policies regarding
4  Petitioner's eligibility for residential treatment programs appear to be rationally related to the BOP's
5  interest in preventing prisoners subject to detainer from fleeing; Petitioner presents no evidence to
6  the contrary.  Accordingly, Petitioner has not established entitlement to habeas relief.

## III.    Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than

the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 123 S.Ct. at 1040.

The Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

### Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1) The petition for writ of habeas corpus is DENIED, with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment for Respondent; and

3) The Court DECLINES to issue a certificate of appealabilty.

IT IS SO ORDERED.

**Dated:    April 9, 2010**                         /s/ John M. Dixon
                                                                  UNITED STATES MAGISTRATE JUDGE